## DONAHOWER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1898.)

No. 965.

**1. MARSHAL—UNNECESSARY FEES AND CHARGES.**

A marshal is not entitled to mileage even for distances actually traveled, or charges for actual expenses paid by a deputy marshal for his meals at his place of abode, or for the attendance of two deputy marshals in the same case before a circuit court commissioner upon the examination for the discharge of a prisoner as a poor convict, unless under the circumstances the charges were necessarily incurred, in which case, in an action to recover the same, the fact should be made to appear. Act March 3, 1887; Rev. St. § 1042.

**2. SAME.**

Nor may he recover for service of a certificate of sentence and order modifying the sentence, issued by the district court, upon a person who was in court when the sentence was pronounced and when it was modified.

In Error to the Circuit Court of the United States for the District of Minnesota.

Eugene G. Hay, for plaintiff in error.

Edward C. Stringer, for the United States.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This is an action brought by Jeremiah C. Donahower under the act of March 3, 1887, to recover certain fees earned and for disbursements expended by him as marshal for the district of Minnesota, from the 15th day of May, 1890, to the 16th day of April, 1894. Certain items of his claim were disallowed by the circuit court in its findings. The findings complained of are described in the record as findings "Q," "R," "T," "4," and "12."

The first assignment of errors covers finding Q of the findings of the circuit court, and relates to a charge for travel from St. Paul to Duluth, Minn., to serve a subpœna on a witness at Duluth, at which place the plaintiff had a deputy acting as bailiff and crier of the court, then in session. It is urged on behalf of the plaintiff in error that this item should have been allowed, because this deputy marshal, acting as court crier and bailiff, could not leave those duties to serve a subpœna, and it might have been many days before he could have found time to serve it had the marshal sent it to him. The statute allows mileage, not for each mile actually traveled, but for each mile actually and necessarily traveled, in serving the process of the court. If special circumstances existed making it necessary for the marshal to make the travel in this case, that fact should have been made to appear by the evidence. The court finds that the travel was actually made, but that it was unnecessary. In the absence of any showing of necessity, we think the finding of the circuit court was right, and that the item, amounting to $9.62, charged by the plaintiff for this service, was properly disallowed.

The second assignment of errors covers finding R of the findings of the circuit court, and relates to a claim for serving a certificate

85 F.—35

of sentence and order modifying sentence, issued by the United States district court for the district of Minnesota, for contempt of court, on a person who was in court when the sentence was pronounced and when the sentence was modified. This assignment need not be discussed. There was no basis for the charge, and no law to sustain it. The service was not only unnecessary, but was wholly unauthorized.

The third assignment of errors covers finding T of the findings of the circuit court, and relates to a charge for actual expenses paid by a deputy marshal for his meals at the place of his abode while in pursuit of a prisoner with a warrant of arrest. We think this item was properly disallowed. The statute does not contemplate the payment of the living expenses of the deputy at his own home. Being at the place of his abode, if he did not take his meals at his home, the reason for not doing so, and the necessity for this extra charge, should have been shown.

The fourth assignment of errors covers finding 4 of the findings of the circuit court, and relates to items disallowed for the attendance, each for one day, of two deputy marshals in the same case before a circuit court commissioner upon an examination for the discharge of a prisoner as a poor convict. Under section 1042 of the Revised Statutes, in the absence of a showing of special circumstances making the attendance of two deputies necessary upon this application, we think the circuit court properly disallowed them. If the attendance of two deputies was unnecessary, the expenditure was unauthorized. If this attendance was necessary, the court had a right to be informed of the circumstances which made it so.

The fifth assignment of errors covers finding 12 of the findings of the circuit court, and relates to disallowances for mileage traveled by a deputy marshal in going to serve a subpœna issued by a circuit court commissioner at Crookston, Minn., on a witness residing at St. Paul, Minn., St. Paul being the place of residence of the United States marshal, and there being a regular daily communication by United States mail between the city of Crookston and the city of St. Paul. The court found that the travel was actually made, but that it was unnecessary. In the absence of a showing of necessity, we think the action of the circuit court was right.

The sixth assignment of errors relates also to finding 12 of the findings of the circuit court, and complains of certain disallowances made by the circuit court for mileage in going to serve process in behalf of the United States, the process being issued at St. Paul, and the distance charged for was actually traveled by the deputy marshal; but in each instance there was a deputy United States marshal under the plaintiff, residing at a place nearer the place of service of process than the city of St. Paul, where the process was issued, and between which places and the city of St. Paul there was a regular daily communication by United States mail. It is urged that the circuit court erred in disallowing this item, because the deputies mentioned in the findings were frequently away from home at some point in that portion of the state which is "practically a wilderness," in pursuit of criminals; and, if the marshal had mailed the process

to them, it would have caused long delay, and in many instances defeated the ends of justice. While all this may be true, there is nothing in the record in the shape of findings or evidence to support it. If special circumstances existed making this travel necessary, they should have been called to the attention of the circuit court.

Finding no error in the rulings of the circuit court, the judgment will be affirmed.